[Cite as *Messner v. Northeastern Univ. Colleges of Medicine & Pharmacy*, 2011-Ohio-3899.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARILYN MESSNER

     Plaintiff

     v.

NORTHEASTERN UNIVERSITIES COLLEGES OF MEDICINE AND PHARMACY

     Defendant

     Case No. 2010-07873

Judge Alan C. Travis

DECISION

{¶ 1} On May 2, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On May 11, 2011, plaintiff filed a response. The motion is now before the court for a non-oral hearing.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to

have the evidence or stipulation construed most strongly in the party's favor."  See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4} According to the complaint, plaintiff was employed by defendant from December 1985 until April 30, 2010, when defendant eliminated her position as a "program assistant" in defendant's Health Sciences Library.  Plaintiff claims that defendant terminated her in retaliation for her asserting her rights under the federal Family and Medical Leave Act (FMLA).[1]

{¶ 5} "The FMLA provides eligible employees up to 12 work-weeks of unpaid leave in any 12-month period 'for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition.' Sections 2601(b)(2) and 2612, Title 29, U.S.Code. The FMLA prohibits employers from discriminating against employees for exercising their rights under the Act. Section 2615(a)(2).  Basing an adverse employment action on an employee's use of leave or retaliation for exercise of FMLA rights is therefore actionable.  *Skrjanc v. Great Lakes Power Serv. Co.* (C.A.6, 2001), 272 F.3d 309.  An employee can prove FMLA retaliation circumstantially, using the method of proof established in *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792 * * *.  To establish a prima facie case of retaliation circumstantially, plaintiff must show that she exercised rights afforded by the FMLA, that she suffered an adverse employment action, and that there was a causal connection between her exercise of rights and the adverse employment action.  *Robinson v. Franklin Cty. Bd. of Commrs.* (Jan. 28, 2002), S.D.Ohio No. 99-CV-162, 2002 WL 193576; *Soletro v. Natl. Fedn. of Indep. Business* (N.D.Ohio 2001), 130 F.Supp.2d 906; *Darby v. Bratch* (C.A.8, 2002), 287 F.3d 673, 679."  *Zechar v. Ohio Dept. of Edn.*, 121 Ohio Misc.2d 52, 2002-Ohio-6873, ¶9.

{¶ 6} If plaintiff establishes a prima facie case, the burden of production shifts to defendant to "articulate some legitimate, nondiscriminatory reason for [its action]." *McDonnell Douglas,* supra, at 802.  If defendant succeeds in doing so, then the burden shifts back to plaintiff to demonstrate that defendant's proffered reason was not the true reason for the employment decision.  Id.

{¶ 7} Based upon the evidence submitted by the parties in relation to defendant's motion, there is no dispute that plaintiff exercised rights afforded by the FMLA, that she was discharged from her employment, and that she was qualified for her position; however, the parties disagree on whether there was a causal connection between her exercise of rights and the adverse employment action.

{¶ 8} "The court may look to the temporal proximity between the adverse action and the protected activity to determine whether there is a causal connection." *Zechar*, supra, at ¶11, citing *Harrison v. Metro Govt. of Nashville & Davidson Cty., Tenn.* (C.A.6, 1996), 80 F.3d 1107, 1118-1119. "'The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be very close.'" Id., quoting *Clark Cty. School Dist. v. Breeden* (2001), 532 U.S. 268, 273. However, the Sixth Circuit Court of Appeals has recently held that closeness in time is only one indicator of a causal connection and that temporal proximity, standing alone, is not enough to establish a causal connection for a retaliation claim. *Spengler v. Worthington Cylinders* (C.A.6, 2010), 615 F.3d 481, 494.

{¶ 9} The evidence demonstrates that plaintiff was on FMLA leave from February 24, 2010, until some time in April 2010 and that, during that time, defendant's employees discussed the budget cuts which resulted in plaintiff's termination. The only evidence that plaintiff submitted in support of her motion is a portion of the deposition of Beth Layton, defendant's library director, which concerns the issue of temporal proximity. Although there was close proximity between plaintiff's FMLA leave and the decision to terminate plaintiff's position, the court finds that plaintiff has failed to present sufficient evidence to establish a causal connection. *Spengler,* supra.

{¶ 10} Even if plaintiff were able to establish a prima facie case, plaintiff could not prevail if defendant had legitimate, nondiscriminatory reasons for terminating her employment. *McDonnell Douglas,* supra. According to the deposition testimony of Layton, she was directed to cut approximately $80,000, roughly seven percent of the library's budget, for the next fiscal year. In early 2010, Layton and her supervisor, Dr. Penn, began to review the budget and they determined that certain cuts could be made

---

[1] In her response, plaintiff "concedes dismissal" as to her claim for disability discrimination pursuant to

with regard to purchasing library materials, but that deep cuts in such purchases would harm the mission of the library. Layton testified that she and Penn agreed that plaintiff's position "was no longer central to the core business of the library." (Defendant's Exhibit A, Page 27.) Layton and Penn determined that plaintiff's duties would be absorbed by existing personnel and no one was hired to replace plaintiff. Based upon the evidence, the court finds that defendant had legitimate, nondiscriminatory reasons for terminating plaintiff's employment.

{¶ 11} As stated above, plaintiff did not provide the court with any permissible evidence to demonstrate that defendant's budget reduction was not the true reason for the decision to terminate her employment. As the nonmoving party, plaintiff has the burden of producing more than a scintilla of evidence in support of her claims. *Nu-Trend Homes, Inc. v. Law Offices of DeLibera, Lyons & Bibbo*, Franklin App. No. 01AP-1137, 2003-Ohio-1633, ¶17.

{¶ 12} Civ.R. 56(E) states, in part, as follows:

{¶ 13} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶ 14} For the foregoing reasons, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment shall be granted and judgment shall be rendered in favor of defendant.

---

R.C. 4112.02. Accordingly, Count II of the complaint is DISMISSED.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARILYN MESSNER

    Plaintiff

    v.

NORTHEASTERN UNIVERSITIES COLLEGES OF MEDICINE AND PHARMACY

    Defendant
    Case No. 2010-07873

Judge Alan C. Travis

<u>JUDGMENT ENTRY</u>

A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

 

_____
ALAN C. TRAVIS
Judge

cc:

Christopher P. Conomy
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

James J. Collum
Crescent Pointe Building
4774 Munson Street NW, Suite 400
Canton, Ohio 44718

AMR/cmd
Filed July 11, 2011
To S.C. reporter August 2, 2011